ELLEN R. SERBIN, State Bar No. 128895
**PERONA, LANGER, BECK & SERBIN**
A Professional Corporation
300 E. San Antonio Drive
Long Beach, California 90807-0948
Ellen@plblaw.com
(562) 426-6155   Fax (562) 490-9823

Attorneys for Plaintiff,
LOUIS COLEMAN

[SPACE BELOW FOR COURT USE ONLY]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOUIS COLEMAN,<br><br>      Plaintiff,<br><br>   v.<br><br>OFFICE DEPOT, INC., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>      Defendants. | **CASE NO.: CV09-3797AHM (RZx)**<br>[Complaint Filed: May 6, 2009]<br><br>Assigned to Judge A. Howard Matz, Courtroom 14<br>Referred to Magistrate Judge Ralph Zarefsky, Courtroom 540<br><br>**[~~PROPOSED~~] ORDER RE STIPULATION FOR PROTECTIVE ORDER** |

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

It having been Stipulated and Agreed between plaintiff, LOUIS COLEMAN and defendant, OFFICE DEPOT, INC., through their attorneys of record, that a Protective Order be issued as follows:

**1.     INFORMATION AND MATTERS SUBJECT TO THIS PROTECTIVE ORDER:** This Protective Order shall govern all "Medical

Information" as defined herein produced by plaintiff or obtained by way of subpoena in the above-entitled action, all information derived therefrom, and all copies, excerpts or summaries of or relating to such information.

**2. MEDICAL INFORMATION:** "Medical Information" means any and all of plaintiff's medical, psychiatric, counseling or psychological records, within the meaning of *Evidence Code* §250, that have been obtained and produced in this case by either party, plaintiff's healthcare providers, treating physicians or from any other source.

**3. REASON FOR PROTECTIVE ORDER:** The plaintiff has sued Office Depot for disability discrimination in connection with injuries he suffered to his right shoulder, neck and back in a car accident. Office Depot intends to request all medical or psychiatric records pertaining to plaintiff's physical disability and treatment. These records will include confidential medical matters including the plaintiff's entire medical history and treatment for unrelated ailments, illnesses, or disabilities that the plaintiff has not placed at issue in the case. The purpose of this Protective Order is to protect the plaintiff's right to privacy and to preserve the physician-patient privilege as to medical or psychiatric records that are beyond the subject matter of this lawsuit and unrelated to the plaintiff's claim for damages.

**4. USE OF MEDICAL INFORMATION:** This "Medical Information" shall be used and disclosed only as necessary, and solely and exclusively, in connection with this case and the preparation for mediation or trial, and shall not be used for any other purpose. Plaintiff's "Medical Information," including all records pertaining to his medical, psychological or psychiatric care, is private and shall not be disclosed to any non-parties, including, but not limited to, employees of defendant. However, disclosure is allowed in the course of the litigation to the court, mediator or

1  counsel for the parties to the litigation, defendant's senior litigation counsel,
2  paralegals, law clerks, and stenographic, clerical, legal and secretarial personnel
3  employed by counsel, defendant's human resources employees, and any person
4  employed by counsel to assist counsel in these proceedings, including, but not limited
5  to, experts and consultants, whether or not such experts or consultants are called upon
6  to testify at trial.  The control over the distribution of all "Medical Information" shall
7  be the responsibility of the attorneys of record of each party.

9       **5.**     **SUBMISSION AND SERVICE OF INFORMATION:**  If any
10 "Medical Information" is filed, submitted or otherwise disclosed to the  mediator or
11 court, such information shall be filed under seal in an envelope marked "Confidential-
12 Subject to Protective Order," to be held in such a manner as to prevent any disclosure
13 thereof, and shall be disclosed only to the mediator or pursuant to an order of the
14 court.  Likewise, any portion of the medical records submitted to the court shall be
15 marked "CONFIDENTIAL" on the document itself.  All papers that refer to or rely
16 upon such evidence shall designate the particular aspects that are confidential.

18       **6.**     **USE OF CONFIDENTIAL INFORMATION AT TRIAL OR IN**
19            **CONNECTION WITH DISPOSITIVE MOTIONS:**  In the
20 event that the case proceeds to trial, all information that was designated as confidential
21 and/or kept and maintained pursuant to the terms of this Protective Order becomes
22 public and will be presumptively available to all members of the public, including the
23 press, unless sufficient cause is shown in advance of trial to proceed otherwise.
24 Likewise, materials used in connection with dispositive motions shall
25 not enjoy protection by virtue of this order; if protection is desired, it
26 must be obtained through separate application to the judicial officer
27 who will hear the dispositive motions.
28

**7. OBJECTIONS TO PRODUCTION:** Nothing in this Protective Order shall be deemed to limit or constitute a waiver of the plaintiff''s right to object to the production of any "Medical Information" on the basis of the physician-patient privilege, the psychotherapist-patient privilege, the constitutional right to privacy or for any other reason provided under State or Federal law. In addition, this Protective Order shall not be deemed to constitute a waiver as to any other objections, including relevancy.

/ / /

**8. FURTHER PROTECTION**: Nothing contained in this Protective Order shall be deemed to preclude either party at any time, for good cause shown, from seeking and obtaining a modification of this Protective Order relating to the discovery of "Medical Information."

**9. DESTROY OR RETURN UPON TERMINATION OF ACTION:** Following the termination of this lawsuit and/or mediation, including all appeals, and within twenty (20) days after receiving written notice from plaintiff's attorney, defendant shall destroy or return to plaintiff's attorney any and all copies of "Medical Information" obtained and distributed by defendant in connection with this case. Defendant shall certify in writing that all "Medical Information," including all copies, extracts, or summaries, have been destroyed or returned to plaintiff's counsel, except that defendant's counsel of record may retain for their records copies of any paper served and filed in this lawsuit and/or mediation.

**10. CONTINUING EFFECT OF THIS PROTECTIVE ORDER:** The termination of this lawsuit and/or trial shall not relieve any person who had access to the "Medical Information" from the obligations of maintaining the confidentiality of these records and the restrictions on use of anything disclosed in these records.

## ORDER

**IT IS SO ORDERED** that the Stipulation for Protective Order between the parties, as modified herein, is made an Order of the Court, effective as of ~~_____~~.

DATED:  December 16, 2009

_____
HON. RALPH ZAREFSKY
MAGISTRATE JUDGE OF THE
DISTRICT COURT

O:\RZ\ECF Ready\COLEMAN CV09-3797 Prop Protective Order.wpd                    -5-

[PROPOSED] ORDER RE STIPULATION FOR PROTECTIVE ORDER